IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LINDA SHEVLIN, )
)
        Plaintiff, )
)
vs. ) Case No. 08-cv-0505-MJR-PMF
)
VALUE CITY DEPARTMENT )
STORES, LLC, )
)
        Defendant. )

## ORDER OF REMAND

REAGAN, District Judge:

On July 17, 2008, Value City Department Stores, LLC removed the above-captioned personal injury lawsuit from the Circuit Court of Madison County, Illinois to this District Court. The case comes before the undersigned Judge on threshold review, the purpose of which is to ascertain that subject matter jurisdiction lies. This is the Court's first duty in every newly-filed or freshly-removed case. **Winters v. Fru-Con, Inc., 498 F.3d 734, 740 (7th Cir. 2007), quoting McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). See also Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do … is check to see that federal jurisdiction is properly alleged.").**

Value City invokes jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000 (exclusive of interest and costs),

and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating its existence. **Hart v. FedEx Ground Pkg. Sys., Inc.**, 457 F.3d 675, 679 (7th Cir. 2006); **Chase v. Shop 'N Save Warehouse Foods, Inc.**, 110 F.3d 424, 427 (7th Cir. 1997). Value City has fallen far short of sustaining that burden here.

The removal notice (Doc. 2) states that Plaintiff Shevlin is an Ohio citizen, that "[p]art of the incident at issue occurred within the City of Collinsville, State of Illinois," that "Defendant Value City Department Stores, LLC was incorporated in the State of Ohio," and that Value City "has a good faith reason to believe Plaintiff is seeking more than $75,000.00."

The amount in controversy requirement may be satisfied. The state court complaint alleges that Shevlin sustained "severe and permanently disabling and disfiguring injuries" (Doc. 2, p. 5). But assuming that the amount in controversy suffices, the removal notice does <u>not</u> establish that the parties are completely diverse. To the contrary, the removal notice at best is incomplete and at worst proves the *lack* of diversity between the parties.

For the purposes of assessing diversity jurisdiction, the citizenship of an LLC is the citizenship of each of its members. **Camico Mut. Ins. Co. v. Citizens Bank**, 474 F.3d 989, 992 (7th Cir. 2007), *citing* **Wise v. Wachovia Securities, LLC**, 450 F.3d 265, 267 (7th Cir. 2006). In the case at bar, the removing party (Value City, a limited liability company) has not

disclosed – or apparently even recognized the need to identify – the citizenship of each of its members.

The undersigned Judge is further puzzled by what Value City *did* disclose as to its own citizenship – only that it "was incorporated in the State of Ohio" (Doc. 2, p. 1). Even if the corporate rules of citizenship governed the inquiry here, Value City's notice would be lacking, because Value City did not identify its principal place of business (one of two aspects of citizenship for a corporation under 28 U.S.C. § 1332(c)). Furthermore, the limited information contained in the removal notice indicates that this case involves an Ohio plaintiff suing an Ohio defendant. If that is the situation, then the fact the injury was sustained in Illinois in no way confers diversity.

The United States Court of Appeals for the Seventh Circuit has expressed displeasure at incomplete and incorrect jurisdictional allegations. In **Wise**, **450 F.3d at 267**, the Court remarked that the "parties' insouciance about jurisdiction, besides being unprofessional, is … disturbing." Similarly, in **Belleville Catering Co. v. Champaign Marketplace L.L.C.**, **350 F.3d 691, 692 (7th Cir. 2003)**, the Seventh Circuit emphasized:

> Once again, litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money….
> Both sides … must share the blame for assuming that a limited liability company is treated like a corporation…. It is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary…. Lawyers for defendants, as well as plaintiffs, must investigate rather than assume

jurisdiction; to do this, they first must learn the legal rules that determine whose citizenship matters (as defendant's lawyers failed to do).

In the case *sub judice*, the removal notice has other flaws not factored into this Court's threshold review.[1] The problem here, put simply, is that the party seeking the federal forum – Value City – has not shown that the requirements of § 1332 are satisfied. Federal courts are courts of limited jurisdiction: "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." **Hart**, **457 F.3d at 679**, **quoting Kokkonen v. Guardian Life Ins. Co. of America**, **511 U.S. 375, 377 (1994)**. Value City has not met its burden.

Lacking subject matter jurisdiction, the Court hereby **REMANDS** this case to the Circuit Court of Madison County, Illinois.

IT IS SO ORDERED.

DATED this 22nd day of July 2008.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge

---

[1] For instance, Value City asserts that its July 17th removal was timely, because the first amended complaint was served on Value City shortly after June 20, 2008. But the removal notice provides no information regarding the *original* complaint (presumably a complaint predated the first *amended* complaint) and when or if it was served on Value City. The timeliness of removal is not the basis for the Court's conclusion that it lacks subject matter jurisdiction, though. That proceeds from the fact that the record before the Court does not demonstrate complete diversity of the parties.